IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shawnathan Delrea Fort,   Case No. 3:24-cv-1921

    Plaintiff

    v.   **ORDER OF DISMISSAL**

Shawnathan Delrea Fort,

    Defendant

*Pro se* plaintiff Shawnathan Delrea Fort, a prisoner currently incarcerated in the Toledo Correctional Institution, filed this civil rights action against himself. (Doc. 1). Plaintiff states that he seeks a "common law name change … that's congruent with his pen name." (*Id.*). He seeks to prohibit "compan[ies]" from using his common law name. (*Id.* at PgID. 5). In his civil cover sheet filed with the complaint, Plaintiff demands $3,000,000,000. (Doc. No. 1-1).

Plaintiff did not pay the filing fee. Rather, he filed an application to proceed *in forma pauperis*. (Doc. No.2).

I previously banned Plaintiff from proceeding *in forma pauperis* under the three strikes rule in 28 U.S.C. § 1915(g). *See Fort v. Parter, et al.*, No. 3:24-cv-124, 2024 WL 810560 (N.D. Ohio Feb. 27, 2024) (Carr, J.) (denying IFP and dismissing the case under Section 1915(g)).

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Nothing in his present complaint suggests that Plaintiff is in "imminent danger of serious physical injury" that would permit Plaintiff to proceed *in forma pauperis* in this case under the exception outlined in the three strikes rule of Section 1915(g).

Accordingly, I deny Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), and I dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) and my order entered in *Fort*, *supra*, 2024 WL 810560. When a district court dismisses a complaint under the three-strikes rule, it should do so without prejudice because it has "no authority to consider the merits of the complaint." *See Shabazz v. Campbell*, 12 Fed. App'x 329, 330 (6th Cir. 2001).

If Plaintiff wishes to pursue this action, he must pay the full $405.00 filing fee and file a motion to re-open the case within 30 days of the date of this order. Plaintiff is cautioned that if he continues to file patently frivolous actions, I will permanently enjoin him from filing new actions without first seeking and obtaining my leave.

It is, therefore, ORDERED THAT:

(1) Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) be, and the same hereby is, denied;

(2) Plaintiff's complaint (Doc. No. 1) be, and the same hereby is, dismissed without prejudice;

(3) Plaintiff shall have until December 14, 2024, to pay the $405.00 filing fee and file a motion to re-open the case;

(4) The Clerk's Office is directed not to accept a motion to re-open or any other document for filing in this case unless and until the full filing fee is paid; and

(5) I hereby certify, in accordance with 28 U.S.C. § 1915(a)(3), that an appeal taken *in forma pauperis* from this decision could not be taken in good faith.

SO ORDERED.

Date: 11/15/2024

*/s/James G. Carr*
Sr. U.S. District Judge
