IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shawnathan Delrea Fort,                                        Case No. 3:24-cv-1921

      Plaintiff

   v.                                                              **ORDER**

Shawnathan Delrea Fort,

      Defendant

*Pro se* plaintiff Shawnathan Delrea Fort is a prisoner currently incarcerated in the Toledo Correctional Institution. I recently dismissed this action under the "three strikes rule," 28 U.S.C. § 1915(g). *Fort v. Fort*, Case No. 24-cv-1921, 2024 WL 4803361 (N.D. Ohio, Nov. 14, 2024) (Carr, J.).

In my dismissal Order, I denied Plaintiff's application to proceed *in forma pauperis* and allowed Plaintiff until December 14, 2024 to pay the full filing fee and re-open the case. (*Id*. at *1). That date has not yet passed.

Though this case is closed, I reopen it for purposes of designating Plaintiff a Restricted Filer.

I reviewed Plaintiff's litigation history in this District. Plaintiff has filed seven cases in the Northern District of Ohio since January 24, 2023. *See Fort v. Weirich*, No. 23-cv-00136 (Knepp, J.); *Fort v. Motuza*, No. 23-cv-00136 (Nugent, J); *Fort v. Chambers-Smith*, No. 23-cv-00739 (Helmick, J.); *Fort v. Parker*, No. 24-cv-00124 (Carr, J.); *Fort v. Weirich*, No. 25-cv-01644 (Helmick, J.); *Fort v. Layson*, No. 24-cv-01963 (Helmick, J.); and *Fort v. Fort*, No. 24-cv-001921 (Carr, J).

My colleagues and I dismissed five of Plaintiff's cases at the initial screening stage for IFP actions under 28 U.S.C. § 1915(e). In all five cases, Plaintiff's claim was found to be frivolous, malicious, failed to state a plausible claim that would survive a motion to dismiss, and/or violated the three-strikes rule.[1] *See Fort v. Motuza*, No. 1:23-cv-1527, 2023 WL 7407578 (N.D. Ohio Nov. 9, 2023) (Nugent, J.); *Fort v. Chambers-Smith*, No. 3:23-cv-739, 2024 WL 665033 (N.D. Ohio Feb. 16, 2024) (Helmick, J.); *Fort v. Parker, et al.*, No. 3:24-cv-124, 2024 WL 810560 (N.D. Ohio Feb. 27, 2024) (Carr, J.); *Fort v. Layson*, No. 3:23-cv-1963, 2024 WL 623892 (N.D. Ohio Feb. 14, 2024) (Helmick, J.); *and Fort v. Parter*, No. 3:24-CV-124-JGC, 2024 WL 810560 (N.D. Ohio Feb. 27, 2024) (Carr, J.).

One of Plaintiff's cases survived past the motion to dismiss stage, but the parties later dismissed it voluntarily. *See Fort v. Weirich*, No. 3:23 CV 136, 2023 WL 4029766, at *4 (N.D. Ohio June 15, 2023) (denying Defendant's motion to dismiss and finding that Plaintiff stated a plausible First Amendment claim under 48 U.S.C. § 1983). The parties ultimately stipulated to dismissal of that case before the summary judgment stage. *See Fort v. Weirich*, No. 3:23-cv-00136 (Doc. 22, Stipulated Order of Dismissal).

Only one of Plaintiff's seven cases remains open and the pleadings have only recently closed. *See Fort v. Weirich*, 24-cv-001644 (Helmick, J.).

The Sixth Circuit recognizes that "[a] district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting prefiling restrictions." *Stewart v. Fleet Fin.*, 229 F.3d 1154 (6th Cir. 2000).

---

[1] Plaintiff also has a history of filing cases in the Southern District of Ohio. *See Fort v. Motuza*, No. 23-cv-00480 (S.D. Ohio); *Fort v. Layson*, No. 23-cv-03076 (S.D. Ohio). The Clerk of the Court in the Southern District transferred those cases to the Northern District of Ohio.

2

Based on this series of largely unsuccessful *pro se* IFP filings and his history of filing cases outside of this district, I do so here.

Accordingly, Shawnathan Fort is restricted from filing any new lawsuits or other documents in any Court without first seeking and obtaining prior leave from myself, the Chief Judge, or the miscellaneous Duty Judge.

This restriction is in addition to the screening mechanism already in place as set forth in 28 U.S.C. § 1915(e) for IFP cases.

SO ORDERED.

Date: 11/25/2024

*/s/James G. Carr*
Sr. U.S. District Judge